UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDY GOODMAN,

    Plaintiff,

-vs-                                                    CASE NO.:

1ST FINANCIAL BANK USA and
AMSHER COLLECTION SERVICES, INC.,

    Defendants,
_____/

## COMPLAINT

COMES NOW Plaintiff, Wendy Goodman, by and through the undersigned counsel, and sues Defendants, 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.  The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.  Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, 1ST FINANCIAL BANK USA is a corporation with its principal place of business at 363 W. Anchor Dr., North Sioux City, SD, 57049, and is conducting business in the State of Florida

14. Defendant, AMSHER COLLECTION SERVICES, INC., is a corporation which was formed in Alabama with its principal place of business located at 4524 Southlake Parkway, Suite 15, Hoover, AL 35244, and is conducting business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays Street Tallahassee, FL 32301-2525.

15. Defendant, AMSHER COLLECTION SERVICES, INC., is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

16. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

17. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. called Plaintiff on Plaintiff's cellular telephone approximately 300 times since May, 2013, in an attempt to collect a debt.

18. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

19. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC.. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

20. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC.

21. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) ***-1357 and was the called party and recipient of Defendants' calls.

22. Beginning on or about May 2013, 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. began bombarding Plaintiff's cellular telephone (904) ***-1357 in an attempt to collect on a credit card debt belonging to Jalen Williams.

23. Jalen Williams is the Plaintiff's son; however, Plaintiff did not co-sign for her son's credit card and did not give consent to be contacted by 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC on her cellular telephone.

24. On or about May 2013, Plaintiff first requested that the calls to her cell phone cease by stating, "It is my son's credit card, and he is out of college so he can pay his own expenses. Stop calling me."

25. On or about May 2013, Plaintiff requested that her number be removed from 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC's system.

26. On multiple occasions Plaintiff would answer calls from 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC on her cellular telephone and inform their agents that she is not Jalen Williams and the number (904) ***-1357 does not belong to Jalen Willilams.

27. Plaintiff's repeated requests fell on deaf ears as 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC continued to place automated calls to her cellular telephone number.

28. Each of the auto dialer calls the Defendants made after May 2013 were done so after she informed Defendants that she was not Jalen Williams.

29. The auto dialer calls from Defendants came from the telephone number including but not limited to (877) 345-1727.

30. Defendants knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff up to three (3) times a day from approximately May 2013 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort to collect on another's credit card debt.

31. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. have corporate policies to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer to remove the number.

32. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC.'s corporate policies are structured to continue to call individuals like the Plaintiff, despite these individuals explaining to 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. they wish for the calls to stop.

33. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

34. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. have numerous complaints against them across the country asserting that their automatic telephone dialing systems continue to call despite being requested to stop.

35. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC.'s corporate policies provided no means for the Plaintiff to have her number removed from their call lists.

36. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. have corporate policies to harass and abuse individuals despite actual knowledge that they are calling the wrong party and that the called parties do not wish to be called.

37. None of 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

39. From each and every call placed without express consent by 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

40. From each and every call without express consent placed by 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC's call.

41. From each and every call placed without express consent by 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. to Plaintiff's cell phone, Plaintiff

suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

44. Each and every call placed without express consent by 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

45. Each and every call placed without express consent by 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. to Plaintiff's cell phone resulted in the

injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

46. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff's son through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

47. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone; not only did Plaintiff notify 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. that the debt belonged to her son, Plaintiff also requested that the calls stop.

49. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an

automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

50. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

51. At all times relevant to this 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. are subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. have violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

53. 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. have violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

54.     1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against 1ST FINANCIAL BANK USA and AMSHER COLLECTION SERVICES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

55.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

56.     At all times relevant to this action AMSHER COLLECTION SERVICES, INC. is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

57.     AMSHER COLLECTION SERVICES, INC. has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

58.     AMSHER COLLECTION SERVICES, INC. has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

59.     AMSHER COLLECTION SERVICES, INC. has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable

and judgment against AMSHER COLLECTION SERVICES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

*/s/Amy M. Ferrera, Esquire*
Amy M. Ferrera, Esquire
Florida Bar #: 15313
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 222-2479
amferrera@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff